**SINGER et ux. v. WOODRUFF'S INS. CO.**

**No. 2153.**

Court of Appeal of Louisiana. First Circuit.

Nov. 9, 1940.

Rehearing Denied Dec. 12, 1940.

Writ of Error Refused Jan. 6, 1941.

C. A. Blanchard, of Donaldsonville, for appellants.

Jones & Stewart, of Baton Rouge, for appellee.

LE BLANC, Judge.

This suit was disposed of in the Court below on an exception to the jurisdiction of that Court ratione personae. The plea was sustained and the suit of the plaintiffs was dismissed and ordered stricken from the docket of the Court. Plaintiffs have appealed.

The suit is on a form of insurance policy which is self-styled "Funeral Benefit Group Policy." Three persons are insured thereunder, the two plaintiffs herein who are residents of Ascension Parish and their daughter, Rosena Singer, now deceased, and who, it is now admitted, was a resident of the Parish of Lafayette. The policy is for the sum of $375, the amount being prorated as follows: Raphael Singer, $75, Agathine Singer, $100 and Rosena Singer, $200.

Plaintiffs allege that their daughter carried an insurance benefit in the sum of $200 in the policy, the original of which is annexed to their petition, and that the same was in force by virtue of payment of all premiums then due at the time of her death on October 24, 1939. They further allege that the defendant was duly and timely furnished with proof of death but refused to take any steps in settlement of the claim until surrender of the policy which was refused by them, but they aver that they advised the defendant that the policy was open to inspection by it at any time it desired. They then allege that they have expended $207.77 for and in connection with the funeral of the deceased, Rosena Singer, and that they are therefore entitled to the payment of the sum of $200 provided for in the policy.

The policy was issued by the Reliance Industrial Insurance Company but it is alleged in the petition that that Company was "taken over and superseded by the Woodruff's Insurance Company, a life insurance corporation organized under the laws of the State of Louisiana and domiciled in the City of Baton Rouge, Louisiana." This alleged life insurance company being domiciled in a Parish other than Ascension Parish wherein suit was filed, in order for the jurisdiction of the Court of that Parish to be maintained it would have to appear that plaintiffs' claim comes under one of the exceptions to the general rule prescribed in Article 162 of the Code of Practice that in civil matters one must be sued before his own Judge. The only exception of course would be the one provided for in paragraph 10 of Article 165 of the Code of Practice relating to suits on insurance policies. The pertinent provision in that exception is the following: "In all suits on a policy of * * * life * * * insurance * * *

the defendant may be sued at the domicile of the insurance company \* \* \* or in case of life insurance, at the domicile of the deceased or his beneficiary, \* \* \*." The contention here has to be that the plaintiffs are beneficiaries of the deceased under the terms of the policy sued on and therefore properly before the Court in the Parish of Ascension, which is the Court of their domicile.

It is to be observed in the first place that plaintiffs do not allege themselves to be beneficiaries under the policy. It is urged on their behalf that it is not necessary in order for a beneficiary to come within the exception relied on that he be named as such in the policy but all that is required is that he may or can derive some benefit under its terms and provisions arising out of the death of the insured. Granting that to be so, although for the purpose of construing the exception to the rule of venue of suits there may be serious doubt about it, we do not find from a reading of the petition in this case and the policy itself that these plaintiffs are to be recipients of any benefits under the policy growing out of the death of their daughter. Their allegation would rather lead to the thought that they are claiming the amount of the proceeds due thereunder as heirs or creditors of her estate.

Besides certain disability benefits which naturally are payable to each of the insured personally if any should become due, the only other benefit which the policy provides for is a death benefit which clearly is a funeral benefit or service which, according to the terms of the policy, shall be furnished by the company itself or such funeral director, party or body corporate as it may designate. Obviously such funeral benefit or service can only be intended to be furnished to the deceased insured under the policy, and in the absence of any stipulations in the policy to that effect we cannot understand how any of the co-insured could claim any of the benefits arising out of the obligation to furnish such service.

The fact that the policy in this case was issued to a group instead of to a single individual does not of itself secure to the survivors in that group any more rights or benefits after the death of one of them than they originally had. There may have been some advantage gained in grouping them in one policy but that did not give more rights to any one of them in the way of benefits in case of the death of any. In this respect the situation with regard to each is the same as though a separate policy had been issued in the name of each in which case the only person or persons having any rights after the death of the insured, if the company failed in its obligation, would be the one or those who might be called on to pay the funeral expenses up to the amount the company had bound itself to furnish. Indeed that is what the plaintiffs themselves allege they did in this case and, assuming as we must for the purpose of considering the plea presently before the Court, that they did, they undoubtedly have a valid cause of action against this defendant in the capacity in which they made such payment, either as heirs or creditors of their daughter's estate. As such they can sue the defendant at its domicile but they cannot avail themselves of the exception to the rule of venue of suits invoked by them because they are not beneficiaries under the policy.

The plea was correctly sustained in the Court below and it is for the reasons herein stated now ordered that the judgment appealed from be affirmed at the costs of the appellants.